UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLISON SURASKY, <br><br> Plaintiff, <br><br> v. <br><br> ASSET ACCEPTANCE, LLC <br> and JANE DOE <br> Defendants. | Civil Action No. |

## COMPLAINT

### INTRODUCTION

The plaintiff, Allison Surasky, brings this action under the Fair Debt Collection Practices Act ("FDCPA") against the debt collectors Asset Acceptance, LLC and its employee collector. The defendants invaded the plaintiff's privacy and harassed the plaintiff in an attempt to collect a debt. The plaintiff brings this action for actual damages, statutory damages, and other relief against the defendants.

### PARTIES

1. Plaintiff Allison Surasky is an individual consumer residing in Boston, Massachusetts.

2. Defendant Asset Acceptance, LLC ("Asset Acceptance") is a foreign limited liability company organized under the laws of Delaware. Asset Acceptance's registered agent for service in the Commonwealth of Massachusetts is Valentine & Kebartas, Inc., 15 Union Street, Lawrence, MA 01840.

3. Asset Acceptance is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts.

4. Asset Acceptance regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts.

5. Asset Acceptance is a debt collector as defined by 15 U.S.C. § 1692a(6).

6. On information and belief, Defendant Jane Doe is an individual collector employed by Asset Acceptance. On information and belief, Ms. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue in this district is proper as the plaintiff resides in this district.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, the defendant was attempting to collect an alleged debt or debts from the plaintiff (hereinafter "debt").

10. The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. In August 2007, the plaintiff made arrangements with Asset Acceptance to pay monthly installments of $50 toward a debt until the balance was paid in full. Asset Acceptance agreed to accept these payments in lieu of proceeding with legal action or otherwise attempting to collect the debt from the plaintiff.

12. Since August 2007, the plaintiff has made regular payments of $50 each month pursuant to the agreement.

13. On information and belief, Asset Acceptance accepted each of these payments and, in any case, has not returned any of these payments to the plaintiff.

14. In July and August of 2009, Asset Acceptance sent three letters to the plaintiff's mother's residence in Florida.

15. The letters disclosed that the plaintiff owed a debt which Asset Acceptance was attempting to collect.

16. In August 2009, the defendant Jane Doe ("Ms. Doe" or "collector") twice called the plaintiff's mother at her residence in Florida.

17. The collector was at all relevant times, acting within the scope of her employment and/or with actual or apparent authority from Asset Acceptance.

18. During each phone call, the collector told plaintiff's mother that she was attempting to collect a debt from the plaintiff and that the plaintiff was being nonresponsive.

19. The plaintiff's mother told the collector that the plaintiff did not live with her and to stop calling.

20. On information and belief, Asset Acceptance sued the plaintiff for the debt in Florida.

21. The contract upon which Asset Acceptance brought suit was not signed by the plaintiff in Florida.

22. The plaintiff has never lived in Florida.

23. The defendants' unlawful acts caused the plaintiff damages including, but not limited to, emotional distress damages.

## CLAIM FOR RELIEF
### Count I
### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates and realleges the foregoing paragraphs.

25. The defendants communicated, in connection with the collection of a debt, with persons other than the plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b).

26. The defendants communicated, in connection with the collection of a debt, with the plaintiff at a time or place that they knew or should have known was inconvenient to the plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

27. The defendants brought a legal action against the plaintiff in a venue other than where the plaintiff signed a contract giving rise to the debt or where the plaintiff resided at the commencement of the legal action in violation 15 U.S.C. § 1692i(a).

28.     The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

29.     The defendants' actions caused the plaintiff damages.

30.     Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Allison Surasky, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 19th day of November, 2009.

ALLISON SURASKY
by her attorney,

_____
Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282